C. G. SWACKHAMER, INC., Respondent, v. P. F. L. CONSTRUCTION CORP., Appellant, et al., Defendants.— In an action to foreclose three mortgages, the owner of the three parcels of real estate appeals from so much of an order as denies a motion to vacate and set aside an order dated September 7, 1954, which, among other things, appointed a referee to compute, granted summary judgment against other defendants and discontinued the action against named subordinate lienors and to vacate and set aside a judgment of foreclosure and sale dated September 24, 1954, or, in the alternative, to modify the said order and judgment by eliminating therefrom the discontinuance against the named subordinate lienors and by eliminating from the judgment the direction that the mortgaged premises be sold subject to specified liens and judgments. Order, insofar as appealed from, reversed on the law and the facts, without costs, and motion granted, without costs, to the following extent: (1) by adding to the first ordering paragraph of the order dated September 7, 1954, after the words "hereby is" the words "denied as to item '3' of the notice of motion and is" and by adding to said paragraph after the word "all" the word "other"; (2) by eliminating the third ordering paragraph from the order dated September 7, 1954; (3) by eliminating items "4" and "5" from the third decretal paragraph of the judgment dated September 24, 1954. On the

facts here, discretion was improvidently exercised by denial of the motion. When the action was commenced, the plaintiff owned judgments and mechanics' liens which were subordinate to the mortgages, but to which no reference was made in the complaint. Judgment was demanded barring defendants from liens and interests which were subordinate to the plaintiff's mortgages and for a deficiency judgment against the appellant. The appellant appeared and waived service of all papers and notice of all proceedings except notice of sale and notice of surplus money proceedings. The defendants named and served with process included those persons other than the plaintiff, who had liens subordinate to the plaintiff's mortgages. Some of those subordinate lienors, called the preferred group, defaulted in answering or merely appeared and waived service of papers and notice of proceedings except notice of sale and notice of surplus money proceedings. The plaintiff and the preferred group stipulated to discontinue the action as against this preferred group. Over the objection of subordinate lienors, other than the preferred group, and without notice to appellant, the action was discontinued against the preferred group. The judgment, entered without notice to appellant, provides for sale of the three parcels in separate parcels, subject to judgments and mechanics' liens owned by the plaintiff and by the preferred group, and further provides for a deficiency judgment against the appellant. It is conceded that there is some duplication of claims in the judgments and mechanics' liens specified. There is no dispute of appellant's contention that, prior to the entry of the order and judgment aforesaid, some of the lienors against whom the action was not discontinued were equitably entitled to share in any surplus prior to the plaintiff and the preferred group. The latter were necessary parties to the action (Civ. Prac. Act, § 1079). As against the appellant, owner of the equity of redemption, the plaintiff, who sought foreclosure and sale of the mortgaged premises, could not, without notice to the owner, get a more favorable judgment than was justified by the complaint (Civ. Prac. Act, § 479). By the judgment as entered plaintiff has preserved its own and other subordinate liens instead of directing that the plaintiff and the preferred group shall be barred and foreclosed of and from any estate in the premises by virtue of such subordinate liens. By omitting reference to its own subordinate liens in the complaint, the plaintiff could not save the subordinate liens from being cut off by a sale. (*Homœopathic Mut. Life Ins. Co.* v. *Sixbury,* 17 Hun 424; 8 Carmody's N. Y. Prac. [2d ed.], § 730, p. 787.) It would seem that one of the purposes for the amendment of section 1079 of the Civil Practice Act in 1923, declaring who are necessary parties, was that a purchaser at a foreclosure sale should obtain a title freed from liens subordinate to the mortgage being foreclosed. (Cf. 2 Gerard on Real Property Law of New York [6th ed.], § 1380, p. 1945.) Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.