Michael A. Castaldi, J.
This is a motion by Raphaele Diaz and Joan Cesco Diaz to set aside the sale in foreclosure of certain premises located at 43-08 55th Street, Woodside, New York, and for other relief. Plaintiff, Samuel Lempert, brought the action to foreclose a second mortgage held by him. Defendants Diaz, named as defendants in the foreclosure action, are judgment creditors of the mortgagor-owner of the subject premises. Plaintiff, however, did not name the owner of the third mortgage, his son Allen Lempert, as a party defendant in the action to foreclose the second mortgage. Concededly, the lien of the Diaz judgment against the property is prior in time to the lien of the third mortgage — the judgment having been docketed on January 28, 1966 and the third mortgage having been executed on January 27, 1968.
The fundamental question presented is whether the sale in foreclosure of the subject real property should be set aside *1021 because the foreclosing second mortgagee knowingly failed to make the third mortgagee, his son Allen Lempert, a party to the proceedings.
On October 20, 1970, a referee was appointed to compute the amount due on the second mortgage. Thereafter, on August 3, 1971, the judgment of foreclosure and sale was entered and it provided, inter alia, that the notice of sale contain a statement “ that the property is sold subject to a first mortgage in the sum of $23,183.53 and a junior mortgage held by Allen Lempert in the sum of $7,500.00.” It may be here noted that the notice of sale did not contain the quoted statement but there was this reference: “ For more complete details see filed judgment Index No. 1034/70 ”. Further, from this court’s examination of the voluminous filed papers it does not appear that the judgment of foreclosure and sale was served upon the attorney for Diaz. On November 12, 1971, the property was sold to plaintiff, the second mortgagee, for the sum of $12,000:
Defendants Diaz contend that the sale was defective because of the failure of plaintiff, Samuel Lempert, to name his son, Allen Lempert, the holder of a third mortgage as a party defendant. Movants point to section 1311 of the Real Property Actions and Proceedings Law which requires the joinder of all persons in an action who have any lien or encumbrance upon the property which is subsequent to that of the plaintiff. They further contend that the failure to make the third mortgagee a defendant was part of a scheme by the plaintiff to impose conditions upon the sale that would tend to ward off any bidders at the sale other than plaintiff. Or, if there were such bidders, plaintiff’s son would be in a more favorable position to have his third mortgage satisfied or partially satisfied from the proceeds of the sale, albeit the third mortgage was subsequent in time to the Diaz judgment. Under the circumstances, the movants assert that the failure of the second mortgagee to name his son as a party defendant did result in a preference to the son over the prior judgment creditors. Moreover, movants’ allegation that the failure to name the son was not a mere inadvertence but was an arrangement concocted by the father and the son is unrebutted.
This court holds that the sale must be set aside. Subdivision 3 of section 1311 of the Real Property Actions and Proceedings Law provides that “ Every person having any lien or encumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff” shall be made a party defendant to the action. Thus, in C. G. Swaclchamer, Inc. *1022 v. P. F. L. Constr. Corp. (285 App. Div. 841, 842), the Appellate Division, Second Department, in construing section 1079 of the Civil Practice Act, from which section 1311 of the Real Property Actions and Proceedings Law is derived, stated: “ It would seem that one of the purposes for the amendment of section 1079 of the Civil Practice Act in 1923, declaring who are necessary parties, was that a purchaser at a foreclosure sale should obtain a title freed from liens subordinate to the mortgage being foreclosed This statutory rule codifies general mortgage law. In the authoritative treatise, Wiltsie, Mortgage Foreclosure (vol. 1, pp. 639-641 [5th ed.]) the author states: ‘1 All authorities in all countries where mortgages are foreclosed by equitable actions are agreed that subsequent and junior mortgagees are proper parties. They are necessary parties to the foreclosure of a prior mortgage in order to extinguish and cut off their liens. The action can be sustained without them, but a defective title would be offered at the sale which no court would compel a bidder to accept. * * * The plaintiff in a foreclosure action must bring into court every subsequent mortgagee and incumbrancer, so that their rights may be established and their liens transferred from the property to the proceeds of the sale.”
Pursuant to this rule, in Baldwin-Bellmo re Sav. & Loan Assn. v. Stellato (55 Misc 2d 1043) the court set aside a judgment of foreclosure and sale on the ground that the plaintiff inadvertently failed to serve the judgment creditors. The court stated (pp. 1044-1045) that “ in the interest of justice, the prior judgments and proceedings in this case should be set aside so that all judgment creditors, named in the original papers, may be served. Only then may each party assert his respective claim equitably without taking unfair advantage of inadvertent technical errors at the expense of others.”
An application of these settled rules indicates that the judgment should be set aside on the facts presented. This much is clear. The failure to follow the statutory mandate and name the junior mortgagee as a party has substantially prejudiced the movant judgment creditors. These judgment creditors had a judgment which was prior in time to the third mortgage. Through the machinations of the second and third mortgagees, the judgment creditors have been left with nothing but their unsatisfied judgments, and the third mortgagee has been left with his lien intact. The result was to grant to the third mortgagee a palpably inequitable preference.
*1023 Had the third mortgagee been made a party to the proceedings in compliance with the statute his lien would have been extinguished in the foreclosure proceedings and a purchaser’s bid would not have reflected or contemplated the amount of the third mortgage. However, since the sale was made subject to the third mortgage, bidding on the property was discouraged because the amount of the bid had to be increased by the amount of the third mortgage. The practical effect was to scare off bidders. Thus, movants rightly contend that had the third mortgagee been made a party it is conceivable that the proceeds of sale would have been sufficient to pay off the judgment creditors and, in any event, these prior judgment creditors would have had priority over the third mortgagee. In support of this contention, movants state that a substantial bid was withdrawn at the sale after the referee who conducted the sale explained to the bidder that the sale was subject to the third mortgage.
In C. G. Swackhamer, Inc. v. P. F. L. Constr. Corp. (285 App. Div. 841, supra), the Appellate Division, Second Department, dealt with a similar scheme. In that case, plaintiff, who sought to foreclose mortgages on certain property, also owned mechanics’ liens and judgments which were subordinate to the mortgages but to which no reference was made in the complaint. The judgment provided for sale subject to plaintiff’s mechanics’ liens and judgments and to the liens of a preferred group of subordinate lienors. The Appellate Division held that the court below had erred in denying the motion to set aside the judgment of foreclosure. The court stated (p. 842): “By the judgment as entered plaintiff has preserved its own and other subordinate liens instead of directing that the plaintiff and the preferred group shall be barred and foreclosed of and from any estate in the premises by virtue of such subordinate liens. By omitting reference to its own subordinate liens in the complaint, the plaintiff could not save the subordinate liens from being cut off by a sale. (Homœopathic Mut. Life Ins. Co. v. Sixbury, 17 Hun 424; 8 Carmody’s N. Y. Prac. [2d ed.], § 730, p. 787.) ”
Here, too, a scheme bottomed on the failure to name a required party by which a third mortgagee is given preference over prior judgment creditors may not be countenanced.
Accordingly, the court directs that the sale of the subject premises conducted on November 12, 1971 be set aside; that the judgment of foreclosure and sale dated August 3, 1971 be vacated and set aside. Any deed granting title to the property to the second mortgagee is to be rescinded. If the referee’s deed has not yet been recorded, the plaintiff, his agents, repre *1024 sentatives or assigns are enjoined from recording such deed. The action is dismissed unless the third mortgagee, Allen Lempert, is made a party to the action within 30 days from the date of the order to be entered hereon.