■ FLUSHING SAVINGS BANK, Appellant, v CCN REALTY CORP. et al., Respondents, et al., Defendants, and RICHARD SANCHEZ, Intervenor-Respondent.—In an action to foreclose a mortgage on real property, plaintiff mortgagee appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County, dated July 10, 1979, as denied plaintiff's motion for summary judgment and required the addition of certain parties defendant. Order modified by deleting therefrom the provision requiring plaintiff to join the New York State Department of Social Services as a defendant in this action and adding thereto a provision denying that part of defendant Wagner's cross motion that requested such relief. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and within 20 days after service upon the plaintiff of a copy of the order to be entered hereon with notice of entry thereof, plaintiff shall serve upon the parties named in the caption as "JOHN DOE #1" through "JOHN DOE #200", inclusive, all papers in this action, as necessary parties defendant. It was improper to require plaintiff to join the New York State Department of Social Services in this action since the department has no property interest in the premises so as to make it a necessary defendant in the foreclosure action (see Real Property Actions and Proceedings Law, §§ 1311, 1313, 202). However, Special Term properly denied plaintiff's motion to amend the caption of the action to eliminate, as parties, the facility's residents, who have not yet been served in the action. As tenants whose leaseholds are subordinate to the mortgage of plaintiff, they are necessary parties and must be joined by plaintiff (see Real Property Actions and Proceedings Law, § 1311, subd 1; *Averill v Taylor,* 8 NY 44; *National Bank of North Amer. v Gloucester Equities,* 82 Misc 2d 811;

contra, *Home Life Ins. Co. v O'Sullivan,* 151 App Div 535; *Robinson v Hartley,* 134 Misc 703; *Genuth v First Div. Ave. Realty Corp.,* 88 Misc 2d 586; *Douglas v Kohart,* 196 App Div 84; see, also, *Metropolitan Life Ins. Co. v Childs Co.,* 230 NY 285). Damiani, J. P., Titone, Cohalan and O'Connor, JJ., concur.