■ FLUSHING SAVINGS BANK, Respondent, v BEATRICE AHEARN et al., Appellants, et al., Defendants. — In an action to foreclose a mortgage on real property, the appeal is from an order of the Supreme Court, Westchester County (Walsh, J.), dated April 1, 1983, which disqualified the attorney for

certain defendants and directed him to cease participation in the trial. Order affirmed, without costs or disbursements. This is an action by plaintiff Flushing Savings Bank to foreclose a mortgage upon certain real property owned by defendant CCN Realty Corp., a real estate holding corporation whose sole asset is the property in question. Defendant CCN Realty has but one officer and shareholder: defendant Richard Sanchez. Mr. Sanchez owns and operates the Lockwood Manor Adult Proprietary Home on the premises. By prior order of this court, the residents of that facility were made parties defendant to the action (*Flushing Sav. Bank v CCN Realty Corp.,* 73 AD2d 945). John Tartaglia was the *pro bono* attorney for certain of the resident defendants constituting the Resident Committee of Lockwood Manor. Mr. Tartaglia had previously been employed as an Assistant District Attorney of Bronx County. While so employed he had supervised an extensive investigation and prosecution involving loan sharking, utilizing defendant Sanchez as an informant and witness. In the course of that investigation, the District Attorney had subpoenaed certain officers of Flushing Savings Bank to testify before the Grand Jury, and had subpoenaed the bank's records pertaining to the mortgage in question. In addition, Sanchez had recorded conversations with certain officers of the bank. It is asserted as a possible defense to the foreclosure action, that the mortgage loan was made as the result of a bribe paid to an officer of the bank, rendering the mortgage illegal and unenforceable. Mr. Tartaglia denies that he acquired this information in the course of his prior employment, but he acknowledges that evidence possessed by the Bronx District Attorney would support this defense. Upon application of the attorney for defendant CCN Realty, a subpoena duces tecum was issued directing the Bronx District Attorney to produce much of his file on the loan shark cases, including the taped conversations between Sanchez and the bank's officers. When an Assistant District Attorney appeared on a motion to quash the subpoena, he recognized Mr. Tartaglia as a one-time prosecutor and promptly moved to have his former colleague disqualified from appearing in the foreclosure action. Plaintiff bank joined in the motion, and the Supreme Court (Walsh, J.), ordered Mr. Tartaglia to recuse himself and to cease participation in the trial. We affirm. We begin our analysis with canon 9 of the Code of Professional Responsibility: "A Lawyer Should Avoid Even the Appearance of Professional Impropriety". In supervising the conduct of its officers, courts have as a responsibility the maintenance of public confidence in the legal profession and our system of justice. Accordingly, a court may disqualify an attorney both for actual improper conduct and, of equal importance, where there is an appearance of impropriety, even in the absence of actual misconduct (*Matter of Asbestos Cases,* 514 F Supp 914, 919-920; *Price v Admiral Ins. Co.,* 481 F Supp 374, 377). The appearance of impropriety arises when an attorney leaves public employment and accepts employment in connection with a matter in which he had substantial responsibility prior to his leaving (Code of Professional Responsibility EC 9-3). Thus, DR 9-101 (B) of the Code of Professional Responsibility provides: "A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee." The underlying rationale for this rule includes the following: (a) avoiding the treachery of switching sides; (b) safeguarding confidential governmental information from future use against the government; (c) discouraging government lawyers from handling government business in such a way as to encourage their own future employment; and (d) enhancing the profession by avoiding the appearance of wrongdoing (*Matter of Asbestos Cases, supra,* p 920, citing ABA Committee on Ethics and Professional Responsibility, Formal Opn 342, pp 3-4 [1975]). In this case, the foreclosure action in which Mr. Tartaglia appeared as counsel was inextricably related to the loan-sharking

investigation he had previously conducted as an Assistant District Attorney. Richard Sanchez, a defendant in the foreclosure action, had been Mr. Tartaglia's informant and witness, and Mr. Tartaglia had utilized Sanchez during the course of that investigation to surreptitiously record the statements of certain officers of the plaintiff bank. Also, the Bronx District Attorney, by Mr. Tartaglia, had called bank officers as witnesses and had subpoenaed the bank's records relating to its dealings with CCN realty, a defendant in the foreclosure action whose sole officer and shareholder was Sanchez. It is therefore clear that Mr. Tartaglia's appearance as counsel in this action constituted employment in a matter "in which he had substantial responsibility while he was a public employee", a breach of DR 9-101 (B) of the Code of Professional Responsibility. Although we infer no actual wrongdoing on the part of Mr. Tartaglia, and his representation may simply have been the result of a well-intentioned desire to protect the interests of the senior-citizen residents of the property in question, the appearance of impropriety is unavoidable. First, it could appear that Mr. Tartaglia's actions as a prosecutor had been influenced by a desire for personal gain upon leaving the District Attorney's office (see *Price v Admiral Ins. Co., supra,* p 378; *Hilo Metals Co. v Learner Co.,* 258 F Supp 23, 28-29). Second, the outward indication is that Mr. Tartaglia was utilizing information acquired in the course of his prior employment, to which the other parties to this action had no access, in violation of his duty to preserve the confidences and secrets of his former employer, the Bronx District Attorney (Code of Professional Responsibility EC 4-5). The obligation of a lawyer to preserve such confidences and secrets continues even after the termination of his employment (Code of Professional Responsibility, EC 4-6). Counsel cannot be expected to construct walls within his own mind, sealing off information he acquired from one client — or, in this case, while in public service — from information acquired in the course of subsequent employment. Since this foreclosure action is substantially related to the investigation which Mr. Tartaglia had supervised while in public service, it inevitably creates the appearance that he improperly utilized confidential information acquired in public office, even if, in fact, he did not do so. Special Term, perceiving the appearance of impropriety, properly ordered his recusal. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.