OPINION OF THE COURT
Stanley L. Sklar, J.
Is a mortgage foreclosure action subject to dismissal because *300 the mortgagee, who is also a tenant in the mortgaged premises, has failed to name himself as a defendant pursuant to RPAPL 1311? This court declines to dismiss the action.
In this action commenced by mortgagee Arthur Brandt, M.D., defendant mortgagors, 47-49 Charles St., Inc. and Joseph Fischer, move for leave to extend the time to appear and respond to the complaint, to dismiss this action as to them on the ground that they were improperly served with process, and to dismiss the action pursuant to CPLR 3211 (a) (10) and RPAPL 1311 (1) on the ground that plaintiff Brandt failed to join himself as a defendant in his capacity as a tenant pursuant to a lease that is subordinate to his mortgage.
Brandt in response indicated that, rather than litigating the issue of service and thus whether the movants should be given additional time to answer the complaint, he had the movants reserved. On oral argument movants conceded that service has now properly been effected and that they therefore withdraw those parts of their motion grounded on lack of personal jurisdiction, and the need for an extension of time to answer the complaint.
With respect to the balance of their motion, the mortgagors claim that this action must be dismissed because Brandt failed to name himself as a party defendant pursuant to RPAPL 1311 (1) which provides that in a mortgage foreclosure action those who have an interest in the property as a tenant whose interest is subject and subordinate to the mortgage "shall be made a party defendant to the action.”
The mortgagors assert, and Brandt does not deny, that he has a long-term "sweetheart” lease on part of the mortgaged property. The lease, which runs from 1982 until 2003, covers a carriage house in Greenwich Village that is separate and apart from the balance of the mortgaged property. The monthly rental is $416.67. It was conceded by Brandt’s counsel at oral argument that the lease is subject and subordinate to the mortgage and will be terminated as a result of this action.
The mortgagors claim that Brandt’s failure to name himself as a defendant constitutes an effort on his part to have the mortgaged property sold at foreclosure subject to his "sweetheart” lease. The mortgagors assert that if that is allowed to happen the value of the mortgaged property will be greatly diminished and that at the foreclosure sale no meaningful outside bid will be made. (See, Lempert v Liriano, 70 Misc 2d 1020 [Sup Ct, Queens County 1972]; GB Seely’s Son v Fulton- *301 Edison, Inc., 52 AD2d 575 [2d Dept 1976].) Thus it is claimed that Brandt will "grab the property for himself’ and the mortgage debt will be left unsatisfied after the sale. Accordingly, the mortgagors seek to have this action dismissed.
Initially, assuming that Brandt as the lessee is an indispensable party, it should be noted that the appropriate remedy for failing to add an indispensable party over whom jurisdiction can be obtained is not dismissal but an order directing the party to be joined. (Dime Sav. Bank v Johneas, 172 AD2d 1082 [4th Dept 1991]; see also, Flushing Sav. Bank v CNN Realty Corp., 73 AD2d 945 [2d Dept 1980]; GB Seely’s Son v Fulton-Edison, Inc., supra.) Here however, plaintiff Brandt is already a party to this action. The movants note however that he is a plaintiff and not a defendant as required by RPAPL 1311, and claim that he must therefore name himself as a defendant.
The court does not agree. Since Brandt is the plaintiff this court has jurisdiction over him and has the power to terminate his leasehold interest. (See, C.G. Swackhamer, Inc. v P.F.L. Constr. Corp., 285 App Div 841 [2d Dept 1955].) Thus, insofar as the movants seek dismissal of the complaint, their application is denied. Nonetheless a review of the complaint suggests that Brandt was indeed attempting to have the property sold at foreclosure subject to his leasehold. The complaint makes no mention of Brandt’s leasehold. Indeed, the complaint names various fictitious defendants who are alleged to be tenants in occupancy with interests subordinate to the mortgage because Brandt claims "their names are presently unknown to [him].” The complaint demands judgment cutting off these defendants’ interests in the premises. While seeking to cut off these "unknown” defendants’ interests in the property, the complaint also requests that the premises be sold subject to "[a]ny rights of tenants or persons in possession of the subject premises.” The complaint also requests that if Brandt has any other liens on the premises they "shall not be merged in Plaintiff’s cause of action * * * but that Plaintiff shall be permitted [inter alla] to enforce said other liens.”
While Brandt need not add himself as a party defendant the complaint must be amended to set forth Brandt’s leasehold and that such leasehold is subordinate to the mortgage. In addition, Brandt must amend the complaint’s wherefore clause, paragraph "a”, so as to add Brandt in his capacity as leaseholder to the list of those who will be foreclosed as a result of this action. However, the right of any defendant or *302 Brandt in his capacity as leaseholder to redeem shall be cut off only upon the actual sale. (See, Tuthill v Tracy, 31 NY 157 [1865]; Bergman, New York Mortgage Foreclosures §§ 4.07, 27.02 [2].)
Brandt is directed to serve an amended complaint within 30 days of a copy of the order to be settled hereon with notice of entry. In addition, Brandt within that same time period is directed to have a copy of the amended complaint placed in the County Clerk’s file in this action so that anyone conducting a search, pursuant to the lis pendens listed in this county’s block index, has notice of Brandt’s leasehold interest, that such interest is subordinate to the mortgage, and that such interest will be extinguished.