■ EAST NEW YORK SAVINGS BANK, Appellant, v AUSTIN MALL ASSOCIATES et al., Respondents. [638 NYS2d 730] —In an action to foreclose upon a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated December 6, 1994, which denied its motion for summary judgment, and from an order of the same court, dated April 18, 1995, which denied its motion for reargument.

Ordered that the appeal from the order dated April 18, 1995 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 6, 1994, is affirmed; and it is further,

Ordered that the respondents Austin Mall Associates, Austin Mall Corp., and JSM Management Corp., are awarded one bill of costs.

The plaintiff commenced this action to foreclose upon a mortgage it holds on certain commercial property (a shopping mall) in Queens. After issue was joined, the plaintiff moved for summary judgment. The named defendants, Austin Mall Associates, Austin Mall Corporation, and JSM Management Corp., opposed the motion as premature on the ground that the tenants of the subject property had not been joined. The Supreme Court agreed and denied the plaintiff's motion with leave to renew after joinder of the tenants. We now affirm.

The tenants of the subject property, whose leases are claimed to be subject and subordinate to the plaintiff's mortgage, are necessary parties to a foreclosure action pursuant to RPAPL 1311 (1) and must be joined by the plaintiff (see, Flushing Sav. Bank v CCN Realty Corp., 73 AD2d 945; Seely's Son v Fulton-Edison, Inc., 52 AD2d 575; National Bank v Gloucester Equities, 82 Misc 2d 811; cf., Dime Sav. Bank v Johneas, 172 AD2d 1082; Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d

400; *C.G. Swackhamer, Inc. v P.F.L. Constr. Corp.*, 285 App Div 841). Accordingly, the Supreme Court did not err in denying the plaintiff's motion as premature. Balletta, J. P., Ritter, Altman and Hart, JJ., concur.