NYCTL 2012-A Trust et al., Appellants, v Llewellyn Phillip et al., Defendants. [43 NYS3d 96]—

In an action to foreclose a real property tax lien pursuant to Administrative Code of the City of New York § 11-335, the plaintiffs appeal from an order of the Supreme Court, Kings County (Wade, J.), dated January 23, 2015, which denied, without prejudice, their ex parte motion, inter alia, for an order of reference and for leave to enter a default judgment of foreclosure.

Ordered that on the Court's own motion, the appeal from the order is deemed an application pursuant to CPLR 5704 (a) to vacate the order and to grant the plaintiffs' ex parte motion; and it is further,

Ordered that the application pursuant to CPLR 5704 (a) is denied.

The plaintiffs, NYCTL 2012-A Trust and the Bank of New York Mellon, as collateral agent and custodian for the NYCTL

2012-A Trust, commenced this action on January 21, 2014, to foreclose a tax lien on premises owned by the defendant Llewellyn Phillip. The plaintiffs also named 1908 Newkirk Ave. Realty Corp. and the City of New York Environmental Control Board, potential lienholders, as defendants (hereinafter together the other named defendants), as well as defendants "John Doe No. 1" through "John Doe No. 100," representing unnamed tenants of the subject property (hereinafter collectively the John Doe defendants).

Phillip and the other named defendants were personally served with the summons and complaint. After a process server found the premises to be an occupied four-story apartment building with five apartments per floor, a copy of the "Notice to Tenants of Buildings in Foreclosure" was posted at each accessible entrance and exit, in accordance with RPAPL 1303, but no attempt was made to serve any of the John Doe defendants with the summons and complaint.

Subsequently, the plaintiffs moved, ex parte, inter alia, for an order of reference and for leave to enter a default judgment of foreclosure. The Supreme Court denied the motion in its entirety, without prejudice, on the ground that the plaintiffs failed to show that they had served the John Doe defendants.

"Pursuant to RPAPL 1311, the plaintiff in a mortgage foreclosure action is required to join, as a party defendant, any person 'whose interest is claimed to be subject and subordinate to the plaintiff's lien,' including '[e]very person having an estate or interest in possession . . . in the property as tenant in fee.' Accordingly, tenants are necessary parties to a foreclosure action" (*1426 46 St., LLC v Klein*, 60 AD3d 740, 742 [2009] [citation omitted], quoting RPAPL 1311 [1]), including a foreclosure action based on a tax lien (*see generally* Administrative Code § 11-335; *NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp.*, 13 NY3d 573 [2009]).

Although CPLR 1001 provides that the nonjoinder of a necessary party may be excused by the court under certain circumstances (*see* CPLR 1001 [b]), the plaintiffs here failed to make any showing as to why the tenants (the John Doe defendants) could not be joined, or why their nonjoinder should be excused. Moreover, the principles of judicial efficiency and economy are best served when piecemeal litigation can be avoided at the outset (*see e.g. City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475 [1979]). Thus, under the circumstances of this case, the Supreme Court properly denied the plaintiffs' ex parte motion without prejudice, including that branch of the motion which was for leave to amend the caption

to delete the John Doe defendants (*see* CPLR 1001; *Flushing Sav. Bank v CCN Realty Corp.*, 73 AD2d 945 [1980]; *see also East N.Y. Sav. Bank v Austin Mall Assoc.*, 224 AD2d 652 [1996]). Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.