938 St. Nicholas Ave. Lender, LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp. (2019 NY Slip Op 02424)





938 St. Nicholas Ave. Lender, LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp.


2019 NY Slip Op 02424


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8825 850011/13

[*1]938 St. Nicholas Avenue Lender, LLC, Plaintiff-Appellant,
v
936-938 Cliffcrest Housing Development Fund Corporation, Defendant-Respondent, The Department of the City of New York, et al., Defendants.


Windels Marx Lane & Mittendorf, LLP, New York (Mark A. Slama and Ryan Federer of counsel), for appellant.
The Kurland Group, New York (Yetta G. Kurland of counsel), for respondent.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered December 26, 2017, which held in abeyance the determination of plaintiff's motion for summary judgment pending the outcome of a traverse hearing on whether notice of the foreclosure was served in accordance with RPAPL 1303, unanimously affirmed, with costs.
Although the traverse hearing has been held and the complaint dismissed, without prejudice, upon a finding that plaintiff failed to establish compliance with RPAPL 1303, this appeal is not moot, because the "change in circumstances [does not] prevent[] [this] [C]ourt from rendering a decision that would effectively determine an actual controversy" (see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]; cf. Wells Fargo Bank, N.A. v Gore, 162 AD3d 437 [1st Dept 2018] [upon appeal from order, after traverse hearing, granting motion to vacate default judgment, Court dismissed appeal from order directing that traverse hearing be held]).
The motion court correctly determined that, in opposition to plaintiff's prima facie showing of compliance with RPAPL 1303, the unit owners' sworn denials that they had ever seen foreclosure notices posted at the building were sufficient under the circumstances to rebut the presumption of proper service, warranting a traverse hearing (see Nationstar Mtge. LLC v McCallum, 167 AD3d 523 [1st Dept 2018]). This case is factually distinguishable from cases involving personal service on an individual (see e.g. HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945 [2d Dept 2018]). Plaintiff is foreclosing against a cooperative corporation, with service [*2]of RPAPL 1303 notice on numerous building residents effectuated by allegedly posting the notice at entrances and exits to the building (see NYCTL 2012-A Trust v Phillip, 145 AD3d 684, 685 [2d Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK