■ FIRST NATIONAL BANK OF HIGHLAND, Respondent, v J. & J. MILANO, INC., et al., Appellants, et al., Defendants.—In an action, *inter alia,* for a judgment of foreclosure and sale, the defendants J. & J. Milano, Inc., James Milano and Jacqueline Milano appeal from (1) an order of the Supreme Court, Dutchess County (Jiudice, J.), entered July 8, 1988, which, after a nonjury trial, *inter alia,* determined that the plaintiff was entitled to the foreclosure of a mortgage executed by the appellants, and (2) a judgment of the same court dated September 1, 1988, which, *inter alia,* directed the sale of the mortgaged premises.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified by adding thereto a provision severing the appellants' counterclaims; as so modified, the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

At the trial, the plaintiff, the First National Bank of Highland (hereinafter the Bank) adduced evidence that the defendants J. & J. Milano, Inc., James Milano and Jacqueline Milano (hereinafter the appellants), had defaulted on their obligations under the mortgage agreements (see, Keahon v Spinelli, 135 AD2d 503). Thus, the Bank made a prima facie showing of its entitlement to foreclosure under the terms of the mortgage. We agree with the Supreme Court that the appellants failed to produce any credible evidence of fraud, duress, oppressive or unconscionable actions, or bad faith on the part of the Bank which would entitle them to relief from their default (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175).

Moreover, in light of the trial testimony of the attorneys engaged by the Bank, the Bank was entitled to recover its attorney's fees pursuant to the provision in the mortgage agreement (see, National Bank v Smith Mechanical Corp., 74 AD2d 600).

The appellants acknowledge that the trial court was correct in disallowing "counterclaim evidence", upon its ruling that there would be a bifurcated trial on the counterclaims. They argue, however, that after the trial court precluded such evidence, it should not have dismissed the counterclaims sua sponte. The Bank contends that the trial court properly dismissed the counterclaims. We cannot, on the state of this record, make that determination, considering that the court did not furnish the basis for the dismissal of the counterclaims, and, moreover, had precluded the appellants from offering proof in support of the counterclaims.

Accordingly, we modify the judgment to reinstate the counterclaims. We have considered the appellants' remaining contentions and find them to be without merit. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.