■ DIME SAVINGS BANK OF NEW YORK, FSB, Appellant, v RUTH JOHNEAS, Respondent, et al., Defendants.—Judgment unanimously reversed on the law with costs, motion granted, cross motion denied and complaint reinstated. Memorandum: In this foreclosure action, plaintiff appeals from a judgment which denied its motion for summary judgment and granted

the cross motion of defendant Ruth Johneas for summary judgment dismissing the complaint. In dismissing the complaint, the court found that the bank had failed to name and serve a necessary party, Nicholas Johneas, as a defendant; that the bank had failed to give notice of default to the borrowers; and that the borrowers, having tendered payments that the bank improperly rejected, were not in default at the time the action was instituted.

We agree with the court's conclusion that Nicholas Johneas is a necessary party who was not properly named and served by the bank in this foreclosure action. We disagree, however, with the court's conclusion that the bank's failure to name Nicholas requires dismissal of the action against Ruth, who was properly named and served. Neither RPAPL 1311, which governs foreclosure actions, nor CPLR article 10 and 3211 (a) (10), which govern civil actions generally, requires dismissal of an action in all cases in which there has been a failure to join a necessary party. Dismissal for nonjoinder should occur only when the third party cannot be joined, where, for example, he is not subject to the jurisdiction of the court. Even in that event, dismissal should not occur unless the third party is indispensable to the case in the sense that the action cannot fairly proceed without that party (see, CPLR 1001 [b]; 1003, 3211 [a] [10]; Siegel, NY Prac §§ 131-133, 268, at 162-166, 326-327). Here, Nicholas is an indispensable party in the sense that his rights in the property cannot be foreclosed without his being named a defendant. On the other hand, he is subject to the personal jurisdiction of the court. Therefore, the proper remedy for nonjoinder was not to dismiss the action upon the motion of the party who was properly named (see, Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400, 406). The court should have directed that Nicholas be joined as a defendant.

Addressing the merits of the action against Ruth Johneas, we conclude that the bank was not required to give the borrowers 30 days notice of default before accelerating the debt. The mortgage rider, the terms of which govern this case, expressly provides that the bank is not required to give the borrower any notice before taking action to protect the bank's rights, and expressly deletes the requirement that acceleration be preceded by a 30-day notice of default. We further conclude that the rider, as so interpreted, does not violate Real Property Law § 254 (see, Hudson City Sav. Inst. v Burton, 88 AD2d 728, 729).

Finally, we conclude that the bank properly refused to accept the borrowers' late and insufficient tender of payment,

and that the borrowers consequently were in default at the time the action was commenced *(see, Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472, 475; *Dime Sav. Bank v Dooley,* 84 AD2d 804, 805). Accordingly, the action was properly instituted and the bank is entitled to summary judgment against defendant Ruth Johneas. (Appeal from Judgment of Supreme Court, Nassau County, McCabe, J.—Summary Judgment.) Present—Denman, J. P., Green, Balio, Lowery and Davis, JJ.