■ PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY, Appellant, v SCOTT A. BRITTENHAM, Respondent. [725 NYS2d 84] —In an action, *inter alia,* for a judgment declaring that the plaintiff is not liable to the defendant under the terms of a disability insurance policy, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated August 6, 1999, as granted the defendant's motion for a protective order and for a special trial preference, and directed that certain out-of-state depositions be conducted by videoconferencing at the plaintiff's expense.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the parties and/or their counsel are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the plaintiff and/or its counsel pursuant to 22 NYCRR 670.2 (h) as this Court may deem appropriate, by filing an original and four copies of an affirmation or affidavit on that issue in the office of the Clerk of this Court and serving one copy of the same on all parties to the action on or before June 29, 2001; and it is further,

Ordered that the Clerk of this Court is directed to serve counsel for the respective parties with a copy of this decision and order, with notice of entry, by regular mail.

The Supreme Court providently exercised its discretion in limiting the nonparty witness depositions sought by the plaintiff. The plaintiff failed to demonstrate that there were any "special circumstances" justifying said depositions (*see, e.g., Maxwell v Snapper, Inc.,* 249 AD2d 374; *Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333; *see also, DeSilva v Rosenberg,* 261 AD2d 503; CPLR 3101 [a] [4]).

The Supreme Court properly directed that the out-of-state depositions were to be conducted by videoconferencing at the plaintiff's expense (*see,* CPLR 3103 [a]; 3116 [d]; 22 NYCRR 202.15 [k]).

This action was commenced in 1996 and involves a simple claim for disability benefits by a single individual. According to the original record which has been delivered to and reviewed by this Court, the defendant has supplied voluminous discovery. However, the plaintiff has refused to file a note of issue. Instead, it has repeatedly waited until the eve of court conferences before sending out copious new discovery demands. Among other things, the plaintiff has now noticed more than 50 nonparty witness depositions of individuals and entities all throughout the United States, including the defendant's former clients, supervisors, and business associates. Moreover, there being no apparent good faith basis for the prosecution of this appeal, sanctions may be warranted.

Accordingly, the parties and/or their counsel are directed to show cause why sanctions and/or costs should or should not be imposed against the plaintiff and/or its counsel pursuant to 22 NYCRR 670.2 (h). Bracken, J. P., Ritter, Friedmann and Florio, JJ., concur.