■ FLEET NATIONAL BANK, Appellant-Respondent, v DAVID M. OLASOV et al., Respondents-Appellants, et al., Respondents. [793 NYS2d 52]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated October 22, 2003, as denied its motion for summary judgment on the complaint and, in effect, to strike the defenses and counterclaims of the defendants David Olasov and Sharon Spellman-Olasov, and granted that branch of the cross motion of those defendants which was to compel discovery, and the defendants David Olasov and Sharon Spellman-Olasov cross-appeal, as limited by their brief, from so much of the same order as, in effect, denied those branches of their cross motion which were for summary judgment dismissing the complaint insofar as asserted against them, and for summary judgment on the issue of liability on their second counterclaim alleging breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, and that branch of the cross motion which was to compel discovery is denied as academic; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants David Olasov and Sharon Spellman-Olasov.

The plaintiff, Fleet National Bank (hereinafter Fleet), established its prima facie entitlement to judgment against the defendants David Olasov and Sharon Spellman-Olasov (hereinafter the mortgagors) by submitting the mortgage, the unpaid note, and evidence of the mortgagors' default (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Coppa v Fabozzi,* 5 AD3d 718 [2004]; *EMC Mtge. Corp. v Riverdale Assoc.,* 291 AD2d 370 [2002]). The burden then shifted to the mortgagors to raise a triable issue of fact. They failed to do so. In particular, the mortgagors failed to raise a triable issue with regard to their alleged defense of oral modification of the subject loan agreement, under New York law, or under Rhode Island law, which the mortgagors argue applied (*see e.g. Fondedile, S.A. v C.E. Maguire, Inc.,* 610 A2d 87 [RI 1992]). Further, they failed

to raise a triable issue of fact with respect to either the merits or the timeliness of their remaining defenses and counterclaims. Accordingly, the plaintiff's motion should have been granted and that branch of the cross motion which was to compel discovery should have been denied as academic.

The mortgagors' remaining contentions are without merit. H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.