■ NC VENTURE I, L.P., Appellant, v COMPLETE ANALYSIS, INC., et al., Respondents, and JOSEPH E. FIEGOLI et al., Defendants and Third-Party Plaintiffs-Respondents. VALLEY FORGE INSURANCE COMPANY, Third-Party Defendant-Respondent. [803 NYS2d 95]—

In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 23, 2002, which denied that branch of its motion which was, in effect, for summary judgment against the defendants Joseph E. Fiegoli and Rosalie Fiegoli on their obligation under the note in such sum as may be determined to be a deficiency, without prejudice to renewal at the completion of discovery, and which failed to grant that branch of its motion which was for a default judgment of foreclosure against the defendants Complete Analysis, Inc., the State of New York, and the New York State Tax Commission upon their failure to appear or answer, and (2), as limited by its brief, from so much of an order of the same court, entered October 31, 2003, as, in effect, denied its renewed motion for summary judgment against the defendants Joseph E. Fiegoli and Rosalie Fiegoli on their obligation under the note, and for a judgment of foreclosure against the defendants Complete Analysis, Inc., the State of New York, and the New York State Tax Commission upon their default, and dismissed the complaint pursuant to CPLR 1001 for failure to join as parties the representative of the defendant estate of Stanley Closter and the third-party defendant Valley Forge Insurance Company.

Ordered that the order entered October 31, 2003, is reversed insofar as appealed from, on the law, with costs, the complaint is reinstated, and the plaintiff's renewed motion for summary judgment against the defendants Joseph E. Fiegoli and Rosalie Fiegoli on their obligation under the note in such sum as may be determined to be a deficiency, and a judgment of foreclosure against the defendants Complete Analysis, Inc., the State of New York, and the New York State Tax Commission upon their default, is granted, and the order entered October 23, 2002, is vacated; and it is further,

Ordered that the appeal from order entered October 23, 2002, is dismissed as academic in light of our determination on the appeal from the order entered October 31, 2003; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On October 6, 1987, the defendant corporation, Complete Analysis, Inc. (hereinafter the corporation), the individual defendants Joseph Fiegoli and Rosalie Fiegoli, and the late Stanley Closter, borrowed $480,000 to purchase and renovate premises located in Peekskill, New York. The loan was secured by a mortgage on the Peekskill premises owned by the corporation, and a note executed on behalf of the corporation which was also signed by the Fiegolis and Closter. The note provided, inter alia, that in the event of a default, the lender could enforce its rights against each individual borrower, and that each borrower could be required "to pay all of the amounts owed under this note." At the time the note was executed, Joseph Fiegoli and Closter were the corporation's sole shareholders. About eight years later, Joseph Fiegoli withdrew from his position as the corporation's president because both he and his wife were suffering from serious illnesses, and assigned all of his interest in the corporation to Closter. The Fiegolis allege that in connection with this assignment, which was completed in January 1996, Closter agreed to arrange to have their names removed from the note. However, on June 30, 1998, both Closter and Joseph Fiegoli signed a forbearance agreement which acknowledged that the note was in default, and reaffirmed their liability for repayment of the mortgage debt. Closter thereafter died in 2000.

The plaintiff, as assignee of the mortgage and note, subsequently commenced this action to foreclose the mortgage, and to obtain a deficiency judgment against the corporation and the Fiegolis. Although Closter's estate was also named as a defendant, the plaintiff was unable to locate a representative of the estate, and has not effected service upon the estate. It is

undisputed that the corporation, as well as the State of New York and the New York State Tax Commission (hereinafter the Tax Commission), which were also included as defendants, have never appeared in this action and are in default. Shortly after the commencement of this action, the Peekskill premises was completely destroyed by fire.

In October 2002 the plaintiff moved for a judgment of foreclosure against the corporation, the State, and the Tax Commission upon their default. The plaintiff, in effect, also sought summary judgment against the Fiegolis on their obligation under the note in such sum as may be determined, after the foreclosure sale, to be a deficiency. In opposition to that branch of the motion which was for summary judgment against them, the Fiegolis noted that the plaintiff had not yet responded to their demand for discovery, and that the plaintiff might either possess or have access to documents which would substantiate their assertion that they had been relieved of their obligation under the note when Joseph Fiegoli assigned his interest in the corporation to Closter. The Supreme Court denied that branch of the motion which was for summary judgment without prejudice to renewal upon the completion of discovery, and failed to address that branch of the motion which sought a judgment of foreclosure against the defaulting defendants. Following the completion of discovery, the plaintiff renewed its motion for a default judgment against the corporation, the State and the Tax Commission, and for summary judgment against the Fiegolis. However, the court, in effect, denied the plaintiff's renewed motion, and dismissed the complaint in its entirety pursuant to CPLR 1001 for the failure to join, as necessary parties, a representative of Closter's estate, and the Valley Forge Insurance Company, which provided fire insurance coverage to the Peekskill premises.

On appeal, the plaintiff contends that the Supreme Court erred in dismissing the complaint for failure to join necessary parties. We agree. RPAPL 1311, which sets forth the necessary defendants in a mortgage foreclosure action, "codifies the equitable principle that persons holding title to the premises or acquiring any right to or lien on the property should be made defendants" (*Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.,* 98 AD2d 400, 403 [1983]). "The rationale for joinder of these interests derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale" (*Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., supra* at

404). Here, since neither Closter's estate nor the fire insurance company have any property interest in the mortgaged premises, they are not necessary defendants within the scope of RPAPL 1311. Furthermore, dismissal for nonjoinder is not warranted pursuant to CPLR 1001 because the estate and insurance company are not "indispensable to the case in the sense that the action cannot fairly proceed without [them]" (*Dime Sav. Bank of N.Y. v Johneas*, 172 AD2d 1082, 1083 [1991]), and their presence is not required to afford complete relief "between the parties" (CPLR 1001 [a]). Although Closter was a signatory to the note, his estate is not a necessary party to the action pursuant to CPLR 1001 because the note allowed the lender to enforce its right to recover the entire debt from each individual borrower. In addition, while insurance proceeds may be potentially available to the plaintiff under the standard mortgagee clause which must be contained in a fire insurance policy, the plaintiff is not required to pursue its rights under the policy as a condition precedent to seeking foreclosure (*see Crossland Mtge. Corp. v Douglas*, 271 AD2d 933 [2000]). Moreover, it has been recognized that a fire insurance company is neither a necessary party to a mortgage foreclosure action pursuant to CPLR 1001, nor a permissive party pursuant to CPLR 1002 (*see Lloyd Capital Corp. v Behrmann*, 122 AD2d 783 [1986]).

The court also erred by, in effect, denying the plaintiff's renewed motion for a default judgment of foreclosure against the corporation, the State and the Tax Commission, and for summary judgment against the Fiegolis on their obligation under the note. Although the court found that the renewed motion for a default judgment was untimely because it was made more than one year after the default occurred (*see* CPLR 3215 [c]), the original application for this relief, which the court failed to address, was timely. In addition, the plaintiff established its prima facie entitlement to judgment as a matter of law against the Fiegolis by submitting proof that they were signatories to the note and that the note was in default (*see Fleet Natl. Bank v Olasov*, 16 AD3d 374 [2005]; *M & T Mtge. Corp. v Ethridge*, 300 AD2d 286 [2002]). Despite the fact that they had been afforded an opportunity to conduct discovery, in opposition to the renewed motion, the Fiegolis failed to come forward with evidentiary proof to substantiate their claim that they had been released from their obligation under the note, or that the note was otherwise unenforceable (*see Fleet Natl. Bank v Olasov, supra; M & T Mtge. Corp. v Ethridge, supra; Votta v Votta Enters.*, 249 AD2d 536 [1998]). Thus, the plaintiff is entitled to summary judgment against the Fiegolis in such sum as may be determined, after the foreclosure sale, to be a deficiency.

In light of our determination, we need not address the plaintiff's remaining contentions. Krausman, J.P., Luciano, Spolzino and Lifson, JJ., concur.