■ CAPITAL RESOURCES Co., Respondent, v JAMES PREWITT et al., Defendants, and DIANA VACCARINO, Formerly Known as DIANA VACCARINO PREWITT, Appellant. [805 NYS2d 116]—

In an action to foreclose a mortgage, the defendant Diana Vaccarino, formerly known as Diana Vaccarino Prewitt, appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated January 30, 2004, as denied her motion to vacate a judgment of foreclosure and sale dated December 9, 2002, and to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant's motion was denominated a motion to vacate and set aside "the Default Judgment entered in the above entitled action." That judgment, however, was not entered on the appellant's default. The judgment followed service of the appellant's answer and the grant of the plaintiff's motion for summary judgment over her opposition. Indeed, the judgment of foreclosure and sale dated December 9, 2002, notes the appellant's appearance, the interposition of affirmative defenses, and the previous dismissal of those defenses. The judgment, with notice of entry, was served on the appellant's attorney on September 26, 2003, and the appellant never appealed from it. In fact, she never appealed from the earlier order dated May 14, 2001, which struck her affirmative defenses.

Rather than taking a timely appeal, the appellant moved to vacate the judgment by order to show cause dated November 13, 2003, one day before the foreclosure sale of her cotenant's interest was scheduled, and she obtained a stay of the sale pending the hearing and determination of her motion to vacate the judgment. As noted, the appellant decidedly did not default in the action or on the plaintiff's motion for summary judgment such that she could move on her own behalf to vacate any such default. Thus, charitably viewed, her order to show cause was designed to vacate the default of her cotenant, James Prewitt. Assuming arguendo that the appellant had standing to make the motion on behalf of her cotenant, she offered no reasonable excuse for his default (see CPLR 5015 [a] [1]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *cf. Eugene Di Lorenzo, Inc. v A. C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). The defenses of laches and equitable estoppel were never asserted by

James Prewitt, and the appellant did not argue that she was entitled to assert such defenses for him (*cf. Northgate Elec. Profit Sharing Plan v Hayes,* 210 AD2d 384, 386 [1994]; *First Am. Tit. Ins. Co. of N.Y. v Kevlin,* 203 AD2d 681, 682-683 [1994]; *Dante v 310 Assoc.,* 121 AD2d 332, 334 [1986]).

Under these circumstances, the appellant's motion to vacate the judgment of foreclosure and sale amounts, in effect, to nothing more than an effort to reargue the plaintiff's motion for summary judgment. It was appropriately denied. In the absence of an appeal from the order dated May 14, 2001, which struck the appellant's affirmative defenses or from the judgment of foreclosure and sale, this Court is without jurisdiction to adjudicate the merits of her defenses. Florio, J.P., Adams, S. Miller and Crane, JJ., concur.