■ COMPANION LIFE INSURANCE COMPANY OF NEW YORK, Appellant-Respondent, v ALL STATE ABSTRACT CORP., Respondent-Appellant, and ANGELA WALLACE, Respondent. [829 NYS2d 536]—

In an action, inter alia, for a judgment declaring, inter alia, that the plaintiff was not obligated to pay the proceeds of a policy of life insurance, the plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated November 22, 2004, as granted those branches of the motion of the defendant All State Abstract Corp. which were for summary judgment dismissing the complaint and for summary judgment on the first counterclaim declaring the insured's death was covered by the subject life insurance policy and obligating the plaintiff to pay the face amount to the defendant All State Abstract Corp., (2) a second order of the same court, also dated November 22, 2004, which denied its motion for a subpoena duces tecum, (3) a third order of the same court, also dated November 22, 2004, which denied its motion for a so-called "qualified HIPAA Protective Order," (4) so much of a fourth or-

der of the same court, also dated November 22, 2004, as granted two motions of the defendant Angela Wallace to quash the subpoena for her testimony as a nonparty witness and the subpoena duces tecum issued by the plaintiff, and (5) an order of the same court dated May 31, 2005, which denied the separate motions of the plaintiff for leave to renew and reargue the prior motions, and the defendant All State Abstract Corp. cross-appeals from so much of the first order dated November 22, 2004, as, upon granting that branch of its motion which was for summary judgment on its first counterclaim, determined that interest on the proceeds of the life insurance policy should not accrue from the date of the insured's death but instead should accrue from the date of the verification of the complaint, and, upon searching the record, awarded Companion Life Insurance Company of New York summary judgment dismissing its counterclaim for an award of an attorney's fee.

Ordered that the first order dated November 22, 2004 is modified, on the law, by deleting the provision thereof determining that interest on the proceeds of the life insurance policy should accrue from the date of the verification of the complaint, and substituting therefor a provision determining that interest should accrue from the date of the insured's death; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the second order dated November 22, 2004 is affirmed; and it is further,

Ordered that the third order dated November 22, 2004 is affirmed; and it is further,

Ordered that the fourth order dated November 22, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated May 31, 2005 as denied those branches of the plaintiff's motions which were for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 31, 2005 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants All State Abstract Corp. and Angela Wallace, payable by the plaintiff.

The plaintiff Companion Life Insurance Company of New York (hereinafter Companion) issued a key man life insurance policy to the beneficiary defendant All State Abstract Corp. (hereinafter All State) insuring the life of its primary shareholder, Joseph T. Wallace (hereinafter the insured). The policy

provided that Companion would "pay the death benefit of this policy to the beneficiary upon the receipt at the Home Office of proof that the Insured's death occurred while the policy was in force." While the policy was in force the insured died of "Cocaine & Alcohol Toxicity," and All State sought to recover the proceeds of the policy. Thereafter, Companion brought this action, inter alia, seeking a judgment declaring that it was not obligated to pay the proceeds of the policy. All State counterclaimed against Companion seeking, inter alia, a judgment declaring that Companion was obligated under the terms of the policy for the full face amount of the policy with interest from the date of the insured's death and for an award of an attorney's fee.

The Supreme Court properly granted summary judgment in favor of All State on its first counterclaim declaring the death of the insured was covered by the policy and that Companion was obligated to pay the face amount of the policy. All State established its prima facie entitlement to summary judgment under the policy by submitting evidence that the insured died while the policy was in force and that it submitted the requisite proof to Companion's home office (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Avdeychik v Allstate Ins. Co.,* 303 AD2d 700 [2003]). In opposition, Companion failed to produce evidentiary proof in admissible form sufficient to raise material issues of fact or to demonstrate an acceptable excuse for the failure to raise such an issue (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Alvarez v Prospect Hosp., supra*).

The Supreme Court properly rejected Companion's request for further discovery prior to the determination of All State's summary judgment motion pursuant to CPLR 3212 (f). In order to provide a basis pursuant to CPLR 3212 (f) for postponing a decision, a party must show more than a mere hope that it might be able to uncover some evidence during the discovery process (*see Kershis v City of New York,* 303 AD2d 643 [2003]; *Leggio v County of Nassau,* 281 AD2d 518, 519 [2001]; *Lightfoot v City of New York,* 279 AD2d 457, 458 [2001]). In addition, the party must show that its ignorance was unavoidable and that reasonable attempts were made to discover the facts which would give rise to a triable issue of fact (*see Gillinder v Hemmes,* 298 AD2d 493 [2002]; *Cruz v Otis El. Co.,* 238 AD2d 540, 541 [1997]). Companion failed to meet this burden. Moreover, we reject Companion's specific contention that it was entitled to nonparty disclosure from the insured's wife where it failed to make the requisite showing of "special circumstances" (*Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 117 [1974]; *see Moran v Mc-*

*Carthy, Safrath & Carbone, P.C.*, 31 AD3d 725 [2006]; *Tannen-baum v Tenenbaum*, 8 AD3d 360 [2004]; *Provident Life & Cas. Ins. Co. v Brittenham*, 283 AD2d 629 [2001]).

The Supreme Court erred, however, in failing to award All State interest from the date of the insured's death. Pursuant to the express terms of Insurance Law § 3214, interest upon the proceeds of a life insurance policy, such as the one at bar, "shall be paid from the date of the death of the insured."

The branches of Companion's motions which were for leave to renew were properly denied. A motion for leave to renew must (1) be based upon new facts not offered on the prior motion that would change the prior determination and (2) set forth a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e]; *O'Connell v Post*, 27 AD3d 631 [2006]; *Renna v Gullo*, 19 AD3d 472 [2005]). Companion failed to set forth a reasonable justification for its failure to present the alleged new facts on the prior motions (*see O'Connell v Post, supra; Elder v Elder*, 21 AD3d 1055 [2005]).

The Supreme Court properly granted summary judgment in favor of Companion dismissing All State's counterclaim for an award of an attorney's fee (*see generally U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597-598 [2004]; *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21-22 [1979]; *RAD Ventures Corp. v Artukmac*, 31 AD3d 412 [2006]). Adams, J.P., Ritter, Mastro and Spolzino, JJ., concur.