■ ZIPMAR REALTY, LLC, Respondent, v NIRIT SIVAN, Appellant. (Action No. 1.) CHASE MANHATTAN MORTGAGE CORPORA-

TION, Respondent, v NIRIT SIVAN, Appellant, et al., Defendant. (Action No. 2.) [848 NYS2d 675]—In two related actions, inter alia, for specific performance of a contract for the sale of real property (action No. 1), and to foreclose a mortgage (action No. 2), the defendant Nirit Sivan appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated March 2, 2006, which denied her motion, in effect, for leave to reargue the prior motion of the plaintiff in action No. 1, Zipmar Realty, LLC, for leave to enter a default judgment, which was granted by order of the same court (Ruchelsman, J.), dated September 6, 2005, and denied her separate motion, in effect, for leave to reargue the prior motion of the plaintiff in action No. 2, Chase Manhattan Mortgage Corporation, for summary judgment, which was granted by order of the same court dated October 27, 2005.

Ordered that the appeal is dismissed, with one bill of costs payable to Zipmar Realty, LLC, and PCC Capital, LLC, as assignee of respondent Chase Manhattan Mortgage Corporation.

With respect to action No. 1, the defendant's motion was denominated as a "Motion to Vacate Default," referring to the order dated September 6, 2005, which granted the motion of the plaintiff, Zipmar Realty, LLC (hereinafter Zipmar), for leave to enter a default judgment. That order, however, was not entered on the default of the defendant. While it is undisputed that the defendant did not answer the complaint, she did submit opposition to the motion for a default judgment. Rather than taking a timely appeal from the order granting Zipmar's motion, the defendant moved to vacate the order dated September 6, 2005.

Similarly, with respect to action No. 2, the defendant's motion was characterized as a "Motion to Vacate Summary Judgment," referring to the order dated October 27, 2005, which granted the motion of the plaintiff Chase Manhattan Mortgage Corporation (hereinafter Chase) for summary judgment. The defendant never appealed from that order.

Under these circumstances, the motions of the defendant amounted, in effect, to nothing more than an effort to reargue the motion of Zipmar for a default judgment and the motion of Chase for summary judgment (see Capital Resources Co. v Prewitt, 24 AD3d 406, 408 [2005]). Accordingly, the appeal must be dismissed, as no appeal lies from an order denying motions for leave to reargue (see Companion Life Ins. Co. of N.Y. v All State Abstract Corp., 35 AD3d 519, 520 [2006]; Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc., 29 AD3d 894). Miller, J.P., Crane, Dillon and Balkin, JJ., concur.