1077 Madison Street, LLC v. Smith

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO
A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS
GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S
LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH
THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY
CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT
REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for
the Second Circuit, held at the Thurgood Marshall United States
Courthouse, 40 Foley Square, in the City of New York, on the
5th of December, two thousand sixteen.

PRESENT:
      DENNIS JACOBS,
      DEBRA ANN LIVINGSTON,
        Circuit Judges,
      JED S. RAKOFF,*
        District Judge.

_____

1077 Madison Street, LLC,
      Plaintiff-Counter-Defendant-Appellant,

      -v.-                     15-3457

Courtney Smith,
      Defendant-Counter-Claimant-Appellee,

City of New York Environmental
Control Board, et al.,

      Defendants.

_____

---

* Judge Jed S. Rakoff, United States District Court for
the Southern District of New York, sitting by designation.

FOR APPELLANT:                    Daniel H. Richland, Lindenhurst,
                                  NY.

FOR APPELLEE:                     Courtney Smith, pro se, Brooklyn,
                                  NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, J., Mann, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

1077 Madison Street, LLC ("Madison Street") appeals from the district court's grant of summary judgment in favor of Courtney Smith in its foreclosure action invoking diversity jurisdiction, based on Madison Street's failure to establish standing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of summary judgment de novo. Kirkendall v. Halliburton, Inc., 707 F.3d 173, 178-79 (2d Cir. 2013). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Sousa v. Marquez, 702 F.3d 124, 127 (2d Cir. 2012). We are required to resolve all ambiguities and draw all inferences in favor of the non-movant. Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, 182 F.3d 157, 160 (2d Cir. 1999).

To establish a prima facie case of foreclosure in New York, a plaintiff must show (1) a mortgage; (2) an unpaid note; and (3) proof of default. Fleet Nat'l Bank v. Olasov, 16 A.D.3d 374, 374 (N.Y. App. Div. 2005). Once a plaintiff has made a prima facie showing, the defendant may raise a defense. See First Nat'l Bank of Highland v. J. & J. Milano, Inc., 160 A.D.2d 670, 671 (N.Y. App. Div. 1990). "Where standing is raised as a defense by the defendant, the plaintiff is required to prove its standing before it may be determined whether the plaintiff is entitled to relief." U.S. Bank, N.A. v. Sharif, 89 A.D.3d 723, 724 (N.Y. App. Div. 2011).

"In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." U.S. Bank, N.A. v. Collymore, 68 A.D.3d 752, 754 (N.Y. App. Div. 2009). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation." Id. Physical possession of a note establishes standing "where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." Wells Fargo Bank, N.A. v. Ostiguy, 127 A.D.3d 1375, 1376 (N.Y. App. Div. 2015).

Here, the district court concluded that Madison Street lacked standing because it neither (1) established an unbroken chain of assignment of the note, nor (2) produced the physical note with the requisite indorsement. In its brief, Madison Street concedes that it did not affirmatively establish standing.

Nonetheless, Madison Street contends that the district court should not have awarded summary judgment to Smith. First, Madison Street suggests that, under New York law, summary judgment for lack of standing can only be awarded if the mortgagee is incapable of demonstrating standing as a matter of law. Summary judgment was improper, Madison Street contends, because it could have provided additional evidence demonstrating its standing. Second, Madison Street argues that it put forth enough evidence of its standing sufficient to survive summary judgment under the federal standard.

These arguments lack merit. Summary judgment in federal court is governed by Federal Rule of Civil Procedure 56 and the federal precedents interpreting it. See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 398 (2010) (noting that if a Federal Rule is on point, the Federal Rule "governs--New York's law notwithstanding--unless it exceeds statutory authorization or Congress's rulemaking power"). A federal court must enter summary judgment "against a party who fails to . . . establish the existence of an element

3

essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). It was Madison Street's burden to establish standing, <u>Sharif</u>, 89 A.D.3d at 724, and Madison Street concedes that it failed to do so. Thus, the district court properly granted summary judgment in favor of Smith.[1]

We have considered Madison Street's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Madison Street also contends that Smith's brief in opposition conceded that Madison Street was the owner of the note at the time Madison Street initiated the foreclosure action. We do not read Smith's brief in this way. Rather, Smith clearly argues that Madison Street cannot demonstrate a chain of ownership establishing Madison Street as the lawful assignee of the note.

4