■ CENTRAL MORTGAGE COMPANY, Respondent, v ROSEMARY E. DAVIS et al., Appellants, et al., Defendants. [53 NYS3d 325]—

In an action to foreclose a mortgage, the defendants Rosemary E. Davis and Corey Davis appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated September 25, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and to strike their answer, and denied their cross motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage against, among others, the mortgagors, Rosemary E. Davis and her father, George M. Sikora, and Rosemary's son, Corey Davis. Rosemary and Corey (hereinafter together the appellants) interposed an answer to the complaint, raising, inter alia, the affirmative defenses of lack of standing and failure to join a necessary party, based on the plaintiff's alleged failure to properly serve Sikora. Sikora himself did not appear in the action, interpose an answer, or otherwise move with respect to the complaint.

The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants and to strike the appellants' answer. The appellants opposed the motion and cross-moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them based upon their affirmative defenses of lack of standing and failure to join a necessary party. In the order appealed from, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and to strike their answer, and denied the appellants' cross motion to dismiss the complaint insofar as asserted against them.

In a residential mortgage foreclosure action, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (*see JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d 903, 904 [2015]; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]; *HSBC Bank, USA v Hagerman*, 130 AD3d 683, 683-684 [2015]). Where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff also must prove its standing as part of its prima facie showing (*see Security Lending, Ltd. v New Realty Corp.*, 142 AD3d 986, 987 [2016]; *JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d at 904; *Loancare v Firshing*, 130 AD3d 787, 789 [2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]). In a foreclosure action, a plaintiff has standing if it is the holder, or the assignee, of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *Security Lending, Ltd. v New Realty Corp.*, 142 AD3d at 987; *JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d at 904; *Loancare v Firshing*, 130 AD3d at 789; *Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Dyer Trust 2012-1 v Global World Realty, Inc.*, 140 AD3d 827, 828 [2016]).

Here, the affidavit of the plaintiff's vice president, Ben A. Coleman, established, prima facie, that the plaintiff had standing to prosecute this action by virtue of its possession of the note at the time of the commencement of this action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362). The plaintiff further established its prima facie entitlement to judgment as a matter of law by producing copies of the mortgage, the unpaid note, and Coleman's affidavit attesting to Sikora's default in making his monthly mortgage payments (*see JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 645 [2016]).

In opposition, the appellants failed to raise a triable issue of fact. Contrary to the appellants' contentions, a plaintiff that has possession of the note has standing to foreclose, even where, as here, the plaintiff is the servicer, not the owner, of the mortgage loan (*see Citimortgage, Inc. v Espinal*, 134 AD3d 876, 880 [2015]; *CWCapital Asset Mgt., LLC v Great Neck Towers, LLC*, 99 AD3d 850, 851 [2012]). In addition, there is no

merit to the appellants' contention that a transferee "must prove that it possesses the rights of a holder." Rather, by submitting the note with an allonge containing an endorsement in blank, the plaintiff demonstrated, prima facie, that it was a holder of the note within the meaning of UCC 1-201 (b) (21) (*see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 685 [2016]; *cf. US Bank, N.A. v Zwisler*, 147 AD3d 804 [2017]).

The Supreme Court properly rejected the appellants' remaining defense, based on the plaintiff's purported failure to join a necessary party. "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . the court should not proceed in the absence of a person who should be a party" (CPLR 3211 [a] [10]). However, "[t]he absence of a necessary party in a mortgage foreclosure action simply leaves that party's rights unaffected by the judgment of foreclosure and sale" (*Marine Midland Bank v Freedom Rd. Realty Assoc.*, 203 AD2d 538, 539 [1994]; *see Glass v Estate of Gold*, 48 AD3d 746, 747 [2008]; *Dime Sav. Bank of N.Y. v Johneas*, 172 AD2d 1082 [1991]; *Scharaga v Schwartzberg*, 149 AD2d 578, 579-580 [1989]). Accordingly, even if the plaintiff had not properly served Sikora, the proper remedy for nonjoinder in such a case would be to direct that the party be joined as a defendant, not "to dismiss the action upon the motion of the party who was properly named" (*Dime Sav. Bank of N.Y. v Johneas*, 172 AD2d at 1083). In any event, the affidavit of the plaintiff's process server constituted prima facie proof of proper service upon Sikora (*see Sass Muni IV DTR v Braxter*, 143 AD3d 798, 799 [2016]), which the appellants failed to rebut (*see U.S. Bank, N.A. v Tauber*, 140 AD3d 1154, 1155 [2016]; *Edwards, Angell, Palmer & Dodge, LLP v Gerschman*, 116 AD3d 824, 825 [2014]; *Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC*, 106 AD3d 863, 864 [2013]; *Engel v Boymelgreen*, 80 AD3d 653, 655 [2011]).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and to strike their answer, and properly denied the appellants' cross motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.