Wells Fargo Bank, N.A. v Burke (2018 NY Slip Op 08173)





Wells Fargo Bank, N.A. v Burke


2018 NY Slip Op 08173


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-10638
 (Index No. 11403/11)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Brian Burke, et al., defendants, Lisa Burke, appellant.


Richard J. Sullivan, Port Jefferson, NY, for appellant.
Helfand & Helfand, New York, NY (Brian R. Elliott of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lisa Burke appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered December 20, 2016. The judgment, insofar as appealed from, upon two orders, both dated May 25, 2016, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Lisa Burke, striking that defendant's answer and affirmative defenses, and appointing a referee to compute the amounts due, confirmed the referee's report and directed the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
The plaintiff commenced this foreclosure action against the defendants Brian Burke and Lisa Burke (hereinafter together the defendants), among others, on April 6, 2011. In their verified answer, the defendants raised the defense of lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint and to appoint a referee. The defendants opposed the motion on the ground that the plaintiff lacked standing because it did not own any interest in the mortgage loan at the time it commenced the action. The Supreme Court granted the plaintiff's motion, and a judgment of foreclosure and sale was entered on December 20, 2016. Lisa Burke (hereinafter the appellant) appeals from the judgment of foreclosure and sale.
In a foreclosure action, a plaintiff has standing if it is the holder, or the assignee, of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Central Mtge. Co. v Davis, 149 AD3d 898, 899; Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987; JPMorgan Chase Bank, N.A. v Mantle, 134 AD3d 903, 904). "A holder' is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting UCC 1-201[b][21]; see Green Tree Servicing, LLC v Vitaliti, 160 AD3d 816, 818; Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638; Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376).
Here, the affidavit of the plaintiff's vice president of loan documentation, which annexed the business records maintained by his employer, establishing the foundation necessary for [*2]the admission of such records, demonstrated that the plaintiff had physical possession of the promissory note, endorsed by the original lender to the plaintiff, at the time the action was commenced on April 6, 2011. This was sufficient to establish, prima facie, that the plaintiff had standing to prosecute this action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).
In opposition, the appellant failed to raise a triable issue of fact. The deposition testimony of the plaintiff's loan verification analyst, which the appellant submitted in opposition to the motion in an attempt to demonstrate that the plaintiff did not own the loan, instead provided further details establishing the plaintiff's status as the holder of the note. Specifically, the witness testified, based on a log maintained by the plaintiff to "keep track of the in-going and outgoing of the original note," that while Freddie Mac had been the owner of the loan since 2008, the original note, endorsed by the original lender in favor of the plaintiff, had never been transferred to Freddie Mac. Rather, the witness testified that it had been held by the plaintiff "from the day we acquired it up until today, [and] we still have [it] in our vault." Thus, the evidence established that the plaintiff was the servicer of the loan and the holder of the note at all relevant times.
Contrary to the appellant's contentions, "a plaintiff that has possession of the note has standing to foreclose, even where, as here, the plaintiff is the servicer, not the owner, of the mortgage loan" (Central Mtge. Co. v Davis, 149 AD3d at 899; see Citimortgage, Inc. v Espinal, 134 AD3d 876, 880; CWCapital Asset Mgt., LLC v Great Neck Towers, LLC, 99 AD3d 850, 851). Moreover, the Supreme Court correctly determined that the sale of a beneficial interest in the loan to Freddie Mac in April of 2008 did not divest the plaintiff of its holder status, since the plaintiff never gave up its possession of the duly endorsed note to any other entity (see Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376). Accordingly, we agree with the court's granting of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the appellant.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court