Wells Fargo Bank, N.A. v Levi (2020 NY Slip Op 05256)





Wells Fargo Bank, N.A. v Levi


2020 NY Slip Op 05256


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-10047
2017-10049
 (Index No. 511928/14)

[*1]Wells Fargo Bank, N.A., respondent,
v
Edan Levi, et al., defendants, Advanced Realty Management Services, Inc., appellant.


Avi Rosenfeld, Lawrence, NY, for appellant.
Reed Smith, LLP, New York, NY (Kerren B. Zinner and Andrew B. Messite of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Advanced Realty Management Services, Inc., appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated July 14, 2017. The orders, insofar as appealed from, granted the plaintiff's motion, inter alia, for an order of reference and denied that defendant's cross motion to dismiss the complaint as abandoned pursuant to CPLR 3215(c), and for failure to comply with notice requirements pursuant to RPAPL 1304.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In January 2011, the defendant Edan Levi executed the subject mortgage encumbering certain real property he owned in Brooklyn. On January 9, 2013, Levi sold the property to the defendant Advanced Realty Management Services, Inc. (hereinafter ARMS). On December 17, 2014, the plaintiff commenced this action against Levi, ARMS, and others, to foreclose the mortgage. While Levi defaulted in answering the complaint or otherwise appearing in the action, ARMS joined issue by verified answer dated January 15, 2015. In July 2016, the plaintiff moved, inter alia, for an order of reference. ARMS opposed the motion and cross-moved to dismiss the complaint pursuant to CPLR 3215(c), and for the plaintiff's alleged failure to comply with the notice requirements of RPAPL 1304. In two orders, both dated July 14, 2017, the Supreme Court granted the plaintiff's motion, appointed a referee to compute, and denied ARMS's cross motion. ARMS appeals from both orders.
CPLR 3215(c) provides, in part, that if the plaintiff fails to take proceedings for the entry of judgment within one year after a defendant's default, "the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion" (CPLR 3215[c]; see HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 867). "CPLR 3215(c) prevents a plaintiff from taking advantage of a defendant's default where the plaintiff has also been guilty of inaction" (Myers v Slutsky, 139 AD2d 709, 710). Here, however, it is undisputed that ARMS did not default in answering the complaint; accordingly, under the circumstances presented herein, [*2]ARMS could not move on its own behalf pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it (see Capital Resources Co. v Prewitt, 24 AD3d 406, 407). Nor did Levi himself oppose that branch of the motion which was for leave to enter a default judgment against him, or move pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him, and ARMS does not argue that it is authorized to act on behalf of Levi (see Capital Resources Co. v Prewitt, 24 AD3d at 407). Further, contrary to ARMS's contention, since Levi had no interest in the subject property at any point during the proceedings, he was not a necessary party to this action (see US Bank N.A. v Carrington, 179 AD3d 743; NC Venture I, L.P. v Complete Analysis, Inc., 22 AD3d 540, 543). Specifically, dismissal would not be warranted pursuant to CPLR 1001 because Levi is not indispensable to the case in the sense that the action cannot fairly proceed without him (see Dime Sav. Bank of N.Y. v Johneas, 172 AD2d 1082, 1083), and his presence is not required to afford complete relief "between the parties" (CPLR 1001[a]; see NC Venture I, L.P. v Complete Analysis, Inc., 22 AD3d at 543). Furthermore, "as a stranger to the note and mortgage, [ARMS] lacks standing to assert the defense of the plaintiff's alleged noncompliance with the notice requirements of RPAPL 1304" (US Bank N.A. v Carrington, 179 AD3d at 744; see Citimortgage, Inc. v Etienne, 172 AD3d at 810).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion, inter alia, for an order of reference, and to deny those branches of ARMS's cross motion which were to dismiss the complaint as abandoned pursuant to CPLR 3215(c), and for alleged failure to comply with notice requirements pursuant to RPAPL 1304.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court