HSBC Bank USA, N.A. v Proctor (2021 NY Slip Op 00387)





HSBC Bank USA, N.A. v Proctor


2021 NY Slip Op 00387


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 850039/15 Appeal No. 12959 Case No. 2020-02634 

[*1]HSBC Bank USA, National Association, etc., Plaintiff-Respondent,
v
Susan Proctor et al., Defendants, Ron Hillman, Defendant-Appellant.


Ronald D. Weiss, P.C., Melville (Rosemarie Klie of counsel), for appellant.
Reed Smith LLP, New York (Joseph B. Teig of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.) entered December 18, 2019, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Ron Hillman to dismiss the complaint in its entirety, unanimously affirmed, without costs.
The claims were severed and dismissed as against Hillman because HSBC failed to obtain personal jurisdiction over him. Hillman's argument, that he is a necessary and indispensable party to the foreclosure action pursuant to RPAPL 1311, and that the action cannot continue without him, has been improperly raised for the first time on appeal (see HSBC Bank USA v Kirschenbaum, 159 AD3d 506, 507 [1st Dept 2018]). In any event, the argument is unavailing since "the absence of a necessary party in a mortgage foreclosure action simply leaves that party's rights unaffected by the judgment of foreclosure and sale" (Central Mtge. Co. v Davis, 149 AD3d 898, 900 [2d Dept 2017] [internal quotation marks and brackets omitted]; see JPMorgan Chase Bank, N.A. v Salvage, 171 AD3d 438, 439 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021